FILED LODGED
Oct 02 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
State Bar No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>vs.<br>Michael Justin Wood, -002<br>Defendant. | CR 25-02182-AMM (LCK)<br>**PLEA AGREEMENT** |

The United States of America and the defendant, Michael Justin Wood, agree to the following disposition of this matter:

PLEA

The defendant agrees to plead guilty to Counts One and Three of the Indictment charging the defendant with a violations of Title 18, United States Code, Sections 933(a)(3) and (b), Trafficking in Firearms, a felony, and Conspiracy to Smuggle Firearms Out of the United States, Title 18 United States Code, Section 924(k)(2)(B). Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the remaining counts of the Indictment at the time of sentencing.

ELEMENTS OF THE CRIME

The elements of Trafficking in Firearms are that:

(1) The defendant attempted or conspired to receive from another person any firearm;

(2) knowing or having reasonable cause to believe that such receipt would constitute a felony, to wit: Title 18, United States Code § 922(g), Possession of a Firearm by a Prohibited Person;

(3) The firearm affected commerce in that it was previously transported into the state of Arizona from another state or foreign country.

The elements of Conspiracy to Smuggle Firearms Out of the United States are that:

(1) There was an agreement between two or more persons to smuggle firearms out of the United States with intent to engage in or to promote conduct that would constitute a felony for which a person may be prosecuted in a court of the United States if the conduct had occurred in the United States;

(2) The defendant became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it; and

(3) One of the members of the conspiracy performed at least one overt act.

<u>STIPULATIONS, TERMS AND AGREEMENTS</u>

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

<u>Maximum Penalties</u>

a. A violation of 18 U.S.C. § 933 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of fifteen years, or both, and a term of supervised release of up to three years. A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

A violation of 18 U.S.C. § 924(k)(2)(B), Conspiracy to Smuggle Firearms Out of the United States, is punishable by a maximum fine of $250,000.00 or a maximum term of fifteen (15) years imprisonment, or both, and a maximum term of three (3) years supervised release.

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

<u>Agreement Regarding Sentencing</u>:

b. <u>Stipulation: Sentencing Cap</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate the applicable offense conduct guideline for a violation of 18 U.S.C. § 933 is U.S.S.G. § 2K2.1. The United States and the defendant further stipulate that the defendant's sentence shall not exceed the low end of the applicable sentencing range as calculated under U.S.S.G. § 1B1.1(a). However, if the low end of the sentencing range is 12 months, the parties stipulate that the low end of the sentencing range will become 12 months and one day. This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance,

or sentence below the cap, or the court from imposing a sentence below the cap.

c. Non-Binding Recommendations. The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

d. Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

e. Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

<u>Immigration consequences</u>

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

<u>Disclosure of Information to U.S. Probation</u>:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

<u>Reinstitution of Prosecution</u>:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all

charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (l) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for “safety valve” (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations, including the district court’s determination of the criminal history category. The sentence is in accordance with this agreement if the sentence imposed does not exceed the low end of the sentencing guidelines range U.S.S.G. § 2K2.1 in this case. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court’s refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this

agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment, or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

Prior to July 14, 2024, I, Michael Justin Wood, was convicted of crime(s) punishable by a term of imprisonment exceeding one year. This included Conspiracy to Distribute Over 1000 Kilograms of Marijuana, Southern District of Ohio, CR 2:07-196(1). I was present when I was convicted and sentenced for these crimes, and I was aware I had such convictions and that I could have been sentenced to a year or more in custody for each.

From a date unknown through February 2025, in the District of Arizona, I made agreements with co-defendant Cassandra Matthews for her to make several firearm purchases and transfer the firearms to me. Matthews purchased the firearms after the agreement was made, to include the following:

| **Date** | **FFL** | **Firearms** |
|---|---|---|
| 12/2/23 | Turner's Outdoorsman | Ruger model max-9 9x19 caliber pistol<br><br>Smith and Wesson model M & P Shield 9x19 caliber pistol<br><br>Smith and Wesson model M & P 15-22, .22 caliber rifle<br><br>Juggernaut Tactical model JT-15, receiver<br><br>Anderson Manufacturing, model AM-15, 5.56 caliber rifle<br><br>Taurus, model AM-15, 5.56 caliber rifle<br><br>Taurus, model PT111 G2A, 9x19 caliber pistol<br><br>Walther, model P22, .22 caliber pistol<br><br>Franklin Arms, model BOSS-25, 12-gauge shotgun |
| 1/30/24 | Sportsman's Warehouse | SCCY, model CPX-1, 9x19 caliber pistol<br><br>SCCY, model CPX-2, 9x19 caliber pistol |
| 3/11/24 | Diamondback Shooting Sports | Taurus, model G2S, 9x19 caliber pistol |

I received the firearms from Matthews. Three of these firearms were later recovered in Mexico. A Smith and Wesson pistol and a Ruger pistol were recovered in Tijuana only 95 days after Matthews' purchase. A Taurus pistol was recovered in Tijuana 416 days after purchase. Neither Matthews nor I have licenses to sell or export firearms.

I agreed with Matthews, to purchase and transfer the firearms, and did receive the firearms, knowing or having reasonable cause to believe that my receipt would constitute a violation of 18 U.S.C. § 922(g). It was my intent in receiving the firearms to transfer them to be smuggled out of the United States in violation of 18 U.S.C. §554, a felony offense. I am aware that smuggling firearms out of the United States is illegal.

The firearms and/or ammunition were manufactured outside the state of Arizona and thus affected interstate or foreign commerce.

10/2/26
Date

Michael Justin Wood
Defendant

DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide

/ / /

/ / /

effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

10/2/26
Date

~~ANGELES ELLIS~~ Josh Kolsrud
Attorney for the defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

10/2/26
Date

JULIE A. SOTTOSANTI
Assistant U.S. Attorney